# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM LEE EVANS,**

      **Plaintiff,**

  v.                             **Case No. 25-CV-1304**

**DEPUTY J. FRYE and**
**BROWN COUNTY SHERIFF'S DEPT.,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION

---

Plaintiff William Lee Evans, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Evans also filed two motions for leave to proceed without prepayment of the filing fee. (ECF Nos. 5, 8.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

The court finds that Evans is indigent and will grant his first motion to proceed without prepayment of the filing fee. (ECF No. 5.) The second motion to proceed without prepayment of the filing fee is denied as moot. (ECF No. 8.)

## REPORT

*Federal Screening Standard*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.

2

Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Evans's motion, he is unemployed and has no income or assets. (ECF No. 5.) As such, the court concludes he is unable to pay the filing fee and turns to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Evans is representing himself, the court construes his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Evans's Allegations*

Evans alleges that, when he was pulled over for a headlight violation on February 11, 2025, defendant Deputy J. Frye, who is employed by the Brown County's Sheriff's Department, unnecessarily put spike strips by his car and waived a gun in his face. (ECF No. 1 at 2-3.) Frye told Evans he was taking these actions because Evans was coming from Milwaukee, which is known to be a "high crime drug area." (*Id.*) Evans notes that he did not have a warrant out for his arrest, nor was he on probation. (*Id.*) Eventually, Evans was able to flee to a gas station while talking to a 911 operator. (*Id.*) Evans states that he was scared for his life. (*Id.*)

3

*Analysis*

One of the defendants sued by Evans is the Brown County Sheriff's Department. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. Brown County Sheriff's Department is not a person. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For Brown County Sheriff's Department, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, Brown County Sheriff's Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). Brown County Sheriff's Office should be dismissed as a defendant.

Evans claims that Frye violated his Fourth Amendment rights when he used a spike strip to detain his car and waived a gun in his face. The court examines an excessive force claim under the Fourth Amendment's objective reasonableness standard. *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Id.* The court considers several relevant factors, "including the severity of the crime; whether the suspect posed an immediate threat to the officers or others; whether the

4

suspect was resisting or evading arrest; whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties." *Id.* Ultimately, the court should "determine 'whether the force used to seize the suspect was excessive in relation to the danger he posed . . . if left unattended.'" *Id.* (quoting *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011)).

An excessive force claim under the Fourth Amendment also requires proof that a "seizure occurred and that the seizure was unreasonable." *Hess v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023). For the purposes of screening, because Fyre used a spike strip to impede Evans's ability to leave, Evans was "seized" under the Fourth Amendment. The court notes that Evans was eventually able to "flee", but based on his allegations, Evans was seized for a period of time.

Construing all assumptions in favor of Evans as required, Evans sufficiently alleges that Frye used excessive force when he waived a gun in Evans's face. Evans was not resisting or attempting to flee. For purposes of screening, the use of the gun in this instance could be considered excessive. Evans should be allowed to proceed on a Fourth Amendment excessive force claim against Frye.

**IT IS THEREFORE RECOMMENDED** that

- Brown County Sherriff's Department be dismissed;

- Evans be allowed to proceed on a Fourth Amendment excessive force claim against Deputy J. Frye;

- The U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1), this report and recommendation, and the adoption order upon Deputy J. Frye pursuant to Federal Rule of Civil Procedure 4. Evans

5

is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give [P's last name] information on how to remit payment. The court is not involved in collection of the fee.

- Deputy J. Frye shall file a responsive pleading to the complaint within 60 days of receipt of service.

- The case be returned to Magistrate William E. Duffin for further proceedings.

**IT IS THEREFORE ORDERED** that Evans's first motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Evan's second motion for leave to proceed without prepayment of the filing fee (ECF No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Evans pay the $350 balance of the filing fee over time by forwarding payments to the Clerk of Court's office.

Evans is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Evans is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Evans's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any

6

recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of April, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge